ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
FRASSON LODOVICO S.r.l. ) ASBCA No. 58645
)
Under Contract No. W912PF-10-C-0028 )

APPEARANCE FOR THE APPELLANT: Mr. Mauro Frasson
Owner

APPEARANCES FOR THE GOVERNMENT: Raymond M. Saunders, Esq.
Army Chief Trial Attorney
MAJ Nancy J. Lewis, JA
Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE SHACKLEFORD ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

The government moves to dismiss this appeal for lack of jurisdiction asserting that because the appeal was filed more than 90 days after the contracting officer's (CO's) final decision was emailed to a person assisting appellant, it is untimely. Appellant opposed the motion, arguing its appeal was timely filed within 90 days of receipt of the CO's final decision sent to appellant by registered mail. We conclude the appeal was timely filed. The motion is denied.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 27 September 2010, the 409th Contracting Support Brigade, Regional Contracting Office, Vicenza, Italy (government) awarded Contract No. W912PF-10-C-0028 (contract), a design-build construction contract in the amount of EUR 369.688,20 ($477,818.54), to FRASSON LODOVICO S.r.l. (Frasson or appellant) (R4, tab 1).

2. In unilateral Modification No. P00005, dated 17 February 2012, the government deleted work it alleged Frasson had failed to perform, and reduced the contract amount by EUR 7.800,00. The government also assessed liquidated damages in the amount of EUR 28.557,80. (R4, tab 20)

3. Appellant, in a 22 March 2012 letter, contested the government's assessment of liquidated damages and requested an equitable adjustment for its installation of two heat recovery units, along with additional work performed on the heating, ventilation, and air conditioning system (R4, tab 22).

4. In a 26 April 2012 letter, appellant submitted a certified claim for EUR 56.363,44[1] seeking an equitable adjustment for the purchase and installation of the two heat-recovery units and the repair of the existing heating, ventilation and air conditioning system (R4, tab 24).

5. Frasson filed a petition with the Board on 3 December 2012, seeking an order under Board Rule 1(e) compelling the CO to issue a final decision (R4, tab 27). The Board docketed the request on 4 December 2012 (gov't mot., ex. G-1) and thereafter was advised by the government a final decision would be forthcoming by 25 January 2013. Deeming this date reasonable, on 8 January 2013, the Board issued an Order directing the CO to make a final decision no later than 25 January 2013. The Order also stated that if the CO failed to comply with the Order, such failure would be deemed a decision denying the claim and the contractor could appeal it as such. (Gov't mot., ex. G-2)

6. The CO, Mr. Jeffrey Neill, issued a final decision in a letter dated 22 January 2013, addressed to appellant to the attention of Mr. Frasson (R4, tab 32). It was sent via email on 25 January 2013, to Mr. Rodolfo Prischich (gov't mot., ex. G-3, encl. 8). Mr. Neill stated in a declaration that he believed Mr. Prischich was representing Mr. Frasson, appellant's owner. Mr. Prischich was a former employee of the Regional Contracting Office-Italy (RCO) and was a consultant/advisor to companies doing business with the RCO. He and Mr. Neill had had conversations about the project in question and Mr. Prischich had attended meetings between Mr. Frasson and Mr. Neill, translating for Mr. Frasson. (Gov't mot., ex. G-3)

7. Mr. Neill also had a copy of the final decision sent by certified mail to appellant (gov't mot., ex. G-3, encl. 8). The decision, addressed to "Frasson Lodovico S.R.L.[,] ATTN: Mr. Frasson," was received by appellant 5 February 2013 (app. resp. at 7, encls. 3, 7). The decision stated, *inter alia*: "If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals" (R4, tab 32 at 8).

8. Mr. Neill issued a correction to his final decision in a letter dated 25 February 2013, stating:

> The Contracting Officer's Decision letter dated 22 Jan 2013 contains some errors that might cause some confusion. This letter will clarify the decision. The contract number and dates of actions contained in paragraphs 2, 9, 13a, 13b were erroneous as they were referenced as occurring in calendar year 2012, when they occurred in a different calendar year.

---

[1] The amount claimed in Euros, when converted to dollars, is almost $73,000, well below the threshold of $100,000 requiring certification. 41 U.S.C. § 7103(b).

These paragraphs have been corrected to reflect the correct dates (only the year was erroneous).

In addition, in paragraph 29, the decision contained therein is confusing as it says that the "claim is hereby denied in its entirety" when it was approved in part and denied in part in paragraphs 1 and 28a-c.

The letter indicated it contained an enclosure titled "Corrected Contracting Officer's Decision." (R4, tab 33)

9. By correspondence received at the Board 1 May 2013, Mr. Frasson filed an appeal. The notice of appeal stated appellant was appealing "the attached final decision of the contracting officer dated 22 January 2013, received on 5 February 2013 via registered mail" and included the CO's 25 February 2013 letter indicating there were corrections to the 22 January 2013 final decision, and a copy of the final decision incorporating the corrections. The appeal was docketed 2 May 2013.

10. The government filed a motion to dismiss for lack of jurisdiction on 8 August 2013, asserting appellant's appeal was untimely as it was filed 97 days after appellant received the CO's final decision. According to the government, the 90-day appeal period began on 25 January 2013 when the final decision was emailed to Mr. Prischich and the appeal was not filed "with the Board until 2 May 2013." (Gov't mot. at 1) The government contends Mr. Prischich was acting as appellant's representative and had actual or apparent authority to do so, thus starting the 90-day time period (gov't mot. at 4, 5). The government also argues that irrespective of Mr. Prischich's authority to receive the CO's final decision, the Board must still find that 25 January 2013 is the date to be used in determining timeliness of the appeal because the Board had ordered the CO to make a final decision no later than 25 January 2013, and if he had not, the claim would be deemed denied and appealable (gov't mot. at 5-6).

11. Appellant contests the motion and denies Mr. Prischich was its representative or had any legal authority to make decisions for the company. According to appellant, Mr. Prischich was only acting as a consultant and translator, was not an employee of the company and had never been delegated authority to represent the company. (App. resp., encl. 2)

12. Appellant's president also submitted an affidavit attesting that he had never requested the government send the CO's final decision via email and none of his "employees or key personnel received notice [of the final decision] prior to my receipt of the original, certified letter which our records show was received on February 5, 2013" (app. resp., encl. 3). Appellant has provided a copy of the envelope and the post office

3

receipt indicating a 5 February 2013 delivery date and receipt by appellant (app. resp., encl. 7).

DECISION

The Contract Disputes Act of 1978 (CDA), 41 U.S.C. § 7103(d), requires a CO to issue a decision in writing, and to "mail or otherwise furnish a copy of the decision to the contractor." The Federal Acquisition Regulation (FAR) 33.211, CONTRACTING OFFICER'S DECISION, requires that the CO furnish the contractor with a copy of the decision on the claim "by certified mail, return receipt requested, or by any other method that provides evidence of receipt." The CDA, 41 U.S.C. § 7104(a), provides that an appeal must be filed by a contractor within 90 days from the date of receipt of a CO decision. This 90-day filing period is statutory and cannot be waived by the Board. *Cosmic Construction Co. v. United States*, 697 F.2d 1389 (Fed. Cir. 1982).

The government maintains that Mr. Prischich's receipt of the final decision by email 25 January 2013 begins the 90-day period for appeal, citing cases wherein receipt of a final decision by those with actual or apparent authority, even if not employees of the contractor, met the CDA requirement for receipt and started the running of the 90 days (gov't mot. at 4). However, the government has provided no evidence Mr. Prischich was authorized to receive communications on behalf of appellant, but instead has relied on the CO's assumption based on conversations between himself and Mr. Prischich, along with meetings wherein Mr. Prischich acted as translator for Mr. Frasson (SOF ¶ 6). Appellant denies Mr. Prischich was in any way an agent or representative of the company and Mr. Frasson submitted a sworn affidavit that Mr. Prischich was not an employee of appellant and had no authority to act for the company (SOF ¶ 11).

However, this case does not turn on Mr. Prischich's status and we need not determine whether Mr. Prischich was a representative of appellant or not, due to the confusion created by the CO's final decision sent by registered mail, addressed to and received by Mr. Frasson on 5 February 2013, and the corrections thereto sent 25 February 2013.

We have held that where multiple copies of a CO's final decision have been provided appellant, the latest received decision begins the 90-day period for appeal. In *AST Anlagen-und Sanierungstechnik GmbH*, ASBCA No. 51854, 04-2 BCA ¶ 32,712, the CO delivered a copy of his final decision to a colleague in the same law firm of the attorney representing appellant. The CO also mailed a copy of the final decision directly to appellant, addressed to AST's general manager, which was received 3 days after the copy received at the law firm. The decision contained language indicating an appeal had to be taken within 90 days from the date "you receive this decision." AST's general manager did not know about the previously delivered decision and forwarded the final decision to appellant's legal representative. An appeal was taken. However, the appeal

4

was filed 91 days after the hand delivery to appellant's attorney's colleague but only 88 days after the mailed delivery to AST. The Board, relying on *Eastern Computers, Inc.,* ASBCA No. 49185, 96-2 BCA ¶ 28,343, held appellant had the right to rely on receipt of the later decision, had done so, and the appeal was timely filed. *AST,* 04-2 BCA ¶ 32,712 at 161,836. In *Eastern,* the government sent out copies of the CO's final decision by fax and certified mail on the same day. Eastern conceded it received the fax on 23 June 1995 and the certified copy five days later. The appeal would be untimely if receipt was counted from 23 June 1995 but timely if receipt was 28 June 1995. The Board said that sending multiple copies of a CO's final decision confuses a contractor as to the date for appeal of the decision and the contractor is entitled to compute the date from receipt of the last copy. *Eastern,* 96-2 BCA ¶ 28,343 at 141,550.

The case before us is unlike that in *Tyger Construction Company,* ASBCA Nos. 36100, 36101, 88-3 BCA ¶ 21,149, in which the appeal was deemed untimely. The CO issued a final decision with the language stating that if the contractor wished to appeal, it must do so within 90 days from the date of receipt of the decision. A copy was faxed to appellant on 9 September 1987 and receipt of the fax was confirmed via telephone by the government on the same day. A copy of the final decision was mailed to appellant and received 16 September 1987. Appellant's notice of appeal to the Board, 92 days after receipt of the faxed copy, stated appellant was appealing the CO's final decision received 9 September 1987, the date of receipt of the faxed copy. *Tyger,* 88-3 BCA ¶ 21,149 at 106,779. In the case before us, appellant's notice of appeal, received at the Board 1 May 2013, stated it was appealing the CO's final decision "received 5 February 2013," included the CO's 25 February 2013 letter advising the contractor of the corrections to the decision, and the corrected decision (SOF ¶ 9). Thus, this appeal was filed from the decision received by Mr. Frasson, the addressee, on day 85 after receipt of the final decision sent registered mail.

The government argues the 90-day appeal period should be calculated from receipt of the emailed copy of the final decision, 25 January 2013, citing *Quimba Software, Inc.,* ASBCA No. 57636, 12-1 BCA ¶ 34,910. However, in *Quimba,* appellant specifically requested the emailing and acknowledged receipt of the decision by return email on the same day. *Quimba,* 12-1 BCA ¶ 34,910 at 171,651. Because appellant filed the appeal 91 days after receipt of the emailed CO's final decision, the appeal was untimely. The same reasoning controls in Board decisions finding the start of the 90-day appeal period from receipt of a faxed copy of the CO's final decision, rather than a later copy received by mail. These cases turn on the fact the contractor specifically requested the final decision be sent by facsimile. *See, e.g., Mid-Eastern Industries, Inc.,* ASBCA No. 51287, 98-2 BCA ¶ 29,907 at 148,065; *Leixab, S.A.,* ASBCA No. 51581, 98-2 BCA ¶ 29,962 at 148,245. That is not the case here. Mr. Frasson never asked that the final decision be emailed to him and has indicated he knew nothing about the final decision until he received the copy mailed to him (SOF ¶ 12).

Taking into account only the 25 January 2013 emailing and 5 February 2013 receipt of the registered mail copy of the final decision, we have a situation similar to that in *AST* and the cases cited therein, and thus a timely appeal. In light of this decision, we need not decide if Mr. Prischich was authorized to receive the final decision, nor do we need to determine the effect of the later received corrections to the final decision.

The government's argument that the 8 January 2013 Board Order, which directed the CO to issue a decision by 25 January 2013 and stated failure to do so would permit the contractor to proceed with an appeal on the basis of a deemed denial, therefore requiring calculation of the 90-day appeal period from 25 January 2013 is without merit. The CDA 90-day appeal period runs only from the date of receipt of a CO final decision. The government has failed to cite any authority for the proposition that the CO's failure to issue a decision by a date ordered by the Board legally obligates the contractor to appeal within 90 days of the "deemed denial" date. Establishment of such a date by the Board does not operate as a substitute for the final decision. To start the appeal period, the CO must actually issue a final decision that the contractor receives. Government inaction by the "deemed denial" date authorizes the contractor to appeal, but the time period within which that appeal must be taken is not the subject of a mandatory statutory requirement. *Cf. Pathman Construction Company v. United States*, 817 F.2d 1573 (Fed. Cir. 1987) (in extensive analysis, the Federal Circuit concluded that statutory 12-month period for filing suit in Court of Federal Claims does not commence in the case of a "deemed denial"); *Marlowe Heating & Air Conditioning*, ASBCA No. 39588, 90-2 BCA ¶ 22,753 at 114,213-14 (where CO expressly decided only a portion of claim, the 90-day appeal period did not commence for the unaddressed part of the claim; failure to address portion of claim constituted a deemed denial of claim authorizing, but not requiring, appeal within 90 days of final decision receipt).

## CONCLUSION

Appellant's appeal was timely filed and the Board has jurisdiction over the appeal. Accordingly, the government's motion to dismiss is denied.

Dated: 10 February 2014

RICHARD SHACKLEFORD
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

6

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

ROBERT T. PEACOCK
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58645, Appeal of FRASSON LODOVICO S.r.l., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

7